## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **HENRY E. RAYFORD,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 4:21-CV-00108-CDL-MSH |
| **JOHN DOES,** | : | |
| **Defendants.** | : | |

### ORDER

*Pro se* Plaintiff Henry E. Rayford, an inmate most recently confined in the Muscogee County Jail in Columbus, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1), but he did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. As such, Plaintiff was ordered to either pay the Court's filing fee in full or file a proper and complete motion for leave to proceed *in forma pauperis*. Plaintiff was also ordered to recast his Complaint on the Court's standard forms. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions would result in the dismissal of this case. *See generally* Order, Aug. 4, 2021, ECF No. 3.

The time for compliance passed without a response from Plaintiff. The Court thus ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's previous orders and instructions. Plaintiff was given

twenty-one (21) days to comply, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* Order, Sept. 24, 2021, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this **1st** day of **November, 2021**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.